IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DERRICK L. THUNDER,

            Petitioner,            ORDER

v.

                          22-cv-295-wmc

LIZZIE A. TEGELS,

            Respondent.

Derrick L. Thunder filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 on May 23, 2022. Rule 4 of the Rules Governing Section 2254 Cases requires the court to screen Thunder's petition, evaluating whether Thunder has pleaded cognizable constitutional or federal law claims and exhausted available state remedies, and whether the petition is timely. For the following reasons, the court will order Thunder to show cause why his petition should not be dismissed.

BACKGROUND[1]

On April 20, 2015, Thunder was convicted of his sixth offense for operating while intoxicated ("OWI") in Brown County Circuit Court Case No. 2015CF257. The circuit court sentenced Thunder to a total term of 5 years and 6 months. Thunder appealed, but then withdrew the appeal.

Thunder was on extended supervision when he was arrested on February 14, 2020, on the Menominee Indian Reservation. Thunder was extradited from the reservation on March 12, 2021. An administrative law judge ("ALJ") revoked Thunder's extended

---

[1] The court draws the following facts from the petition and attachments, and the state of Wisconsin's online court records databases.

supervision and ordered him reconfined for a term of 1 year, 8 months, and 19 days with sentence credit from March 12 through July 12, 2021. Thunder, through counsel, appealed the ALJ's decision, and requested additional sentence credit. A Division of Hearings and Appeals administrator declined to modify the ALJ's sentence credit finding but required reconfinement for all of Thunder's remaining available time of 2 years, 2 months, and 19 days.

OPINION

Petitioner raises two grounds for habeas relief: (1) that was erroneously denied sentence credit for the time he spent in tribal jail on or after February 14, 2020;[2] and (2) his attorney provided ineffective assistance during the revocation proceedings by failing to obtain sufficient evidence to support the sentence credit request. The court cannot consider the merits of these grounds for two reasons.

*First*, a petitioner must be in custody for purposes of federal habeas review to be eligible for habeas relief. Federal courts have jurisdiction over a habeas petition only if the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). "The Supreme Court has interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his

---

[2] To the extent petitioner seeks federal habeas relief on the ground that he is entitled to sentence credit under state law, he would not be entitled to such relief because that claim would not arise from federal law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

2

petition is filed." *Kelley v. Zoeller*, 800 F.3d 318, 324 (7th Cir. 2015) (citation and quotation marks omitted). "A challenge to a petitioner's custody becomes moot when custody ends and no collateral consequences remain." *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 575 (7th Cir. 2022). Petitioner notified the court that he has been released from custody, and Wisconsin inmate and offender records available online do not show that he is incarcerated or on supervision as of the date of this order. If petitioner is no longer in custody because of Case No. 2015CF257, the court cannot consider his claims on habeas review.

*Second*, even if petitioner were in custody, his federal habeas petition appears to be premature. Before seeking a writ of habeas corpus in federal court, a state prisoner must first exhaust any remedies that are available to him in state court, including any appeals. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). To exhaust a claim, petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Wisconsin law provides for review of probation revocation decisions "by certiorari directed to the court of conviction," and the review proceeds on an "arbitrary and capricious" standard. *Kovacic v. Eplett*, No. 22-C-454, 2022 WL 1510278, at *1 (E.D. Wis. Apr. 29, 2022) (citation omitted). A claim of ineffective assistance of revocation counsel is reviewable by habeas corpus in the state circuit court. *See State v. Ramey*, 121 Wis. 2d 177, 182, 359 N.W.2d 402 (Ct. App. 1984) (an ineffective

3

assistance of revocation counsel claim falls outside the scope of review on certiorari).

Petitioner asserts that he has not raised his ineffective assistance claim through a post-conviction motion or petition for habeas corpus in the state trial court. (Dkt. #1 at 7.) This court's review of Wisconsin's online court records shows that since his revocation, petitioner filed a motion for sentence credit under Wis. Stat. § 973.155 arguing that he was entitled to credit for the days he spent in custody in the Menominee Tribal Jail after his arrest. The state circuit court denied the motion, and petitioner did not appeal. Petitioner also filed a petition for writ of certiorari in that court challenging his revocation. *Derrick L. Thunder v. Brian Hayes*, Brown County Case No. 2021CV1274. It is unclear what grounds petitioner asserted on certiorari or whether the petition has been resolved by the circuit court. But even if it has been, there is no indication in available online court records that petitioner has appealed the decision. If petitioner has not yet exhausted his state court remedies, his petition is premature and subject to dismissal.

The court will direct petitioner to file a response to this order showing cause why his petition should not be dismissed on grounds of mootness or failure to exhaust. If petitioner does not respond by the deadline indicated below, the court will dismiss the petition with prejudice for petitioner's failure to prosecute it.[3] *Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014) ("[D]ismissal for failure to prosecute is presumptively with prejudice.").

---

[3] The court will reserve ruling on petitioner's motion for appointment of counsel (dkt. #2) until it has received petitioner's response to this order.

ORDER

IT IS ORDERED that petitioner Derrick L. Thunder may have until October 3, 2022, to respond to this order and show cause why his petition should not be dismissed.

Entered this 12th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge